OPINION
Ronald Minnich appeals from a judgment rendered in favor of the defendant, Gary Burton, on Minnich's claim against Burton in the amount of $821.80. The complaint was filed in the small claims division of the Miami County Municipal Court and, after an evidentiary hearing before the magistrate wherein the parties and their witnesses testified, the magistrate determined that Minnich had not met his burden of proof in that he failed to establish his claim by a preponderance of the evidence. The magistrate's decision and entry is signed by the magistrate and by the trial judge.
Minnich appears in this court pro se as he did in the trial. His claim arises out of work allegedly done for Burton with a total value of $1,321.80, of which Burton has paid $500. His prose brief does not state any assignments of error, but asserts generally that Burton has not paid Minnich all that he is owed.
Minnich appealed directly to this court from the decision and entry of the magistrate, as countersigned by the trial judge, without filing objections to the magistrate's decision and entry pursuant to Civ.R. 53.
Civ.R. 53(E)(3)(b) provides that a party shall not assign as error on appeal the trial court's adoption of a magistrate's finding of fact or conclusion of law unless the party has properly objected to that finding or conclusion in the trial court. The failure to file such objections waives the right to appellate review and precludes relief from this court in the absence of civil plain error. Anderson v. Steele (Apr. 14, 2000), Montgomery App. No. 17992, unreported; Timbercreek Village Apts. V. Myles
(May 28, 1999), Montgomery App. No. 17422, unreported. The civil plain error doctrine is not favored and may be applied only in the extremely rare case where the error complained of would have a material, adverse effect on the character of and public confidence in judicial proceedings. O'Connell v. Chesapeake Ohio RR. Co.
(1991), 58 Ohio St.3d 226, 229.
Although it is our practice to review the record for civil plain error in the absence of objections to magistrates' decisions, such a review is impossible in this case because Minnich has failed to provide us with a transcript of the evidentiary hearing wherein the magistrate determined that he failed to establish his claim by a preponderance of the evidence. Under these circumstances, we must presume the regularity of the proceedings before the magistrate, and that, on the state of the evidence presented, his determination was reasonable. This disposes of Minnich's contention, contained in the civil docket statement, that "trial court is wrong legally." In that same civil docket statement, Minnich claims the "judge did not review magistrate's decision." The record contains the trial judge's signature beneath that of the magistrate on the magistrate's decision and entry which indicates that the trial judge did review the magistrate's decision, and there is nothing of record to support Minnich's contention that the trial judge did not review the magistrate's decision.
Accordingly, the judgment of the trial court will be affirmed. Burton's request for attorney fees, however, will be denied.
 _________________________ WOLFF, J.
GRADY, P.J. and BROGAN, J., concur.